UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Prosecution, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 1:16-CR-0212-003 |
| | ) | |
| | ) | HON. CHRISTOPHER CONNER |
| TOREY WHITE, | ) | |
| Defendant. | ) | |

### DEFENDANTS' BRIEF REGARDING
### THE ADMISSIBILITY OF OTHER CRIMES EVIDENCE

Mr. White, by and through undersigned counsel, has moved this Court to exclude all evidence that Mr. White committed crimes, wrongs, or acts with which he is not charged. This Brief is submitted in support of that request.

### PROCEDURAL HISTORY

On January 29, 2020, Mr. White was charged in the Third Superseding Indictment. Document ("Doc.") 499. Mr. White was included in the first eleven counts of the indictment, all of which relate directly to the homicides of Wendy Chaney, Phillip Jackson, and Brandon Cole. *See id.* at 8–24. Mr. White was not charged in counts twelve through nineteen, which relate to a drug trafficking conspiracy between Kenyatta Corbett and Jerell Adgebesan, a separate conspiracy between Kevin Coles and Devin Dickerson, and the drug trafficking crimes of Coles and Dickerson. *Id.* at 25–36. Mr. White also was not charged in counts twenty through twenty-two, which relate to the actions of other individuals in Baltimore. *Id.* at 37–41.

On February 17, 2021, this Court entered a scheduling order that required the Government to file its Rule 404(b) and Rule 609(b) disclosures by December 10, 2021. Doc. 809. On December 10, 2021, the Government complied with the requirement to provide 404(b)

1

and 609(b) notice by that date, noting that they were required to do so. *See* Letter from United States to Defense Counsel, Dec. 10, 2021, at 1 (attached as **Exhibit 1**).

The Government's notice described 404(b) evidence that it intended to introduce with respect to Kevin Coles. The Government did not provide, however, any other crimes, wrongs, or acts that it intended to admit against Mr. White. *Id.* The defense is thus not on notice of any crimes, wrongs, or acts that the Government intends to produce against Mr. White, and no such evidence should be permitted in his upcoming trial.

**ARGUMENT**

The admissibility of other crimes evidence is governed by FEDERAL RULES OF EVIDENCE, R. 404(b). Rule 404(b) provides critical limitations on the use of other crimes evidence in criminal cases. At the outset, Rule 404(b)(1) codifies the propensity bar, making inadmissible any "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) notes, however, that evidence of other crimes "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." But before the Government may offer evidence under any of these exceptions, the Government must provide a notice and specifically "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose[.]". Rule 404(b)(3). The latter requirement was added to the rule by a 2020 amendment that sought to clarify that the Government's notice must be specific and explain the relevance of the alleged other crimes. *See* FEDERAL RULES OF EVIDENCE, R. 404, Advisory Committee Notes.

In this case, the Court entered a scheduling order that required 404(b) notice by December 10, 2021. Doc. 809. The Government acknowledged that it was aware of the Court's order in its notice, which stated that "[t]he Court's scheduling order . . . requires the parties to give notice of their intent to introduce evidence pursuant to . . . 404(b)." **Exhibit 1** at 1. The Government then provided the following 404(b) notice:

> With respect to Rule 404(b), the government intends to introduce evidence at trial that, in addition to trafficking drugs, Kevin Coles and Devin Dickerson engaged in human trafficking of certain women. It is the government's position that this evidence is intrinsic to the conspiracy in that the conduct is inexorably intertwined with the acts performed in furtherance of the conspiracy. However, in the event it is deemed that prostitution qualifies as other bad acts, the government offers this evidence as intent and knowledge.
> Also, please be advised of the government's intent to introduce evidence that Kevin Coles was wanted by New York State authorities at the time of his July 7, 2016, arrest. The government does not intend to introduce the substance of the underlying charge or the fact that he was wanted for violating supervision. Rather, the government offers that evidence for the non-propensity purpose of establishing the reasonableness of the law enforcement actions on that day.

*Id.* at 1–2. This 404(b) notice is significant for two reasons. First, it demonstrates the Government's awareness that it was necessary to put the defense on notice even if it believed an allegation was "intrinsic" to a charged offense. Second, it indicates the Government was aware of the requirement that it be specific in its allegations, and that it explain the prosecution's position on relevance. Third, and most importantly, it did not include *any* allegations against Mr. White.

Given the lack of notice, counsel for Mr. White does not anticipate that the Government will attempt to introduce any allegations of other crimes, wrongs, or acts against Mr. White. But if the Government does attempt to admit such evidence at Mr. White's trial, this Court should bar the prosecution from succeeding in such a gambit. The purpose of 404(b)'s notice requirement is to allow the defense a reasonable and fair

3

opportunity to investigate the evidence and prepare for its confrontation. Additionally, the requirement that a 404(b) notice specifically explain the prosecution's position on relevance is meant to provide an opportunity for the parties to research and litigate the application of any alleged exceptions. In this case, the deadline for the Government to provide notice passed nearly eleven months ago, and the Government must be held to its position that there is no evidence of other crimes, wrongs, or acts that it intends to introduce against Mr. White.

WHEREFORE Torey White respectfully requests that this Honorable Court exclude any evidence that Mr. White committed other crimes, wrongs, or acts with which he is not charged.

Respectfully submitted,

Counsel for Torey White


/s/ Matthew L. Engle, Esquire
Matthew L. Engle, Esquire
*Admitted Pro Hac Vice*
Va. Bar No. 46833
matthew@donovanengle.com

/s/ Bernadette M. Donovan, Esquire
Bernadette M. Donovan, Esquire
*Admitted Pro Hac Vice*
Va. Bar No. 82054
bernadette@donovanengle.com

DONOVAN & ENGLE, PLLC
1134 East High Street, Unit A
Charlottesville, Virginia 22902
(800) 428-5214 (phone)
(434) 465-6866 (fax)

/s/ Donald F. Martino, Esquire
Donald F. Martino, Esquire
PA ID# 85476
25 West Third Street, Suite 302
Williamsport, Pennsylvania 17701

(570) 567-7055 (phone)
(570) 505-1601 (fax)
dmartino0022@comcast.net

**CERTIFICATE OF SERVICE**

I, Matthew L. Engle, Esquire, counsel for Torey White, certify that the foregoing Brief was filed via ECF and served upon AUSA Willam A. Behe, Federal Building, 228 Walnut Street, P.O. Box 11754, Harrisburg, Pennsylvania 17108, this 1st day of November, 2022.

/s/ Matthew L. Engle, Esquire
Matthew L. Engle, Esquire
Va. Bar No. 46833
DONOVAN & ENGLE, PLLC
1134 East High St., Unit A
Charlottesville, Virginia 22902
(800) 428-5214 (telephone)
(434) 465-6866 (fax)
matthew@donovanengle.com