**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:16-CR-212** |
| | : | |
| **v.** | : | **(Judge Neary)** |
| | : | |
| **TOREY WHITE,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**[1]

Before the court are three pretrial motions (Docs. 1961, 1963, 1965) filed by

defendant Torey White relating to discovery in advance of his date certain trial

scheduled to begin on October 20, 2025. (Doc. 1945). First, White seeks an order

compelling the government to comply with the court's order of December 30, 2021

(Doc. 1131), wherein the court ordered the government to disclose its entire case

file, and <u>Brady</u>, <u>Giglio</u>, and Jencks Act material by a date certain or be prohibited

from introducing that evidence at trial. (Doc. 1961; Doc. 1131). Second, White seeks

an order compelling the government to produce additional categories of discovery

to include material related to co-defendants Michael Buck and Kenyatta Corbett,

that the court review *in camera* each of White's co-defendants presentence

investigation reports ("PSRs"), sealed sentencing memoranda, and evaluations and

reports, and material related to jailhouse informant and previous trial witness

Dennis Sneads. (Doc. 1963). Lastly, White sought to compel *in camera* review of the

sealed portions of Michael Buck's sentencing transcript, (Doc. 1965), which was

---

[1] The court assumes the parties' familiarity with factual background and
procedural posture of the case, and thus, does not recount it here.

granted, (Doc. 1982), and which the court has completed. For the reasons set forth below, White's motion (Doc. 1961) to compel the government to comply with the court's December 30, 2021, order will be GRANTED in part, his motion (Doc. 1963) to compel discovery will be GRANTED in part and DENIED in part, and, having reviewed the sealed portions of Michael Buck's sentencing transcript, no potentially favorable information to White was contained therein and, therefore, White is not entitled to these sealed portions of Buck's transcript.

## I.    <u>Legal Standard</u>

Pretrial motions for discovery under Federal Rule of Criminal Procedure 16 must be made before trial. FED. R. CRIM. P. 12(b)(3)(E). The court must decide every pretrial motion before trial unless good cause exists to defer its ruling. FED. R. CRIM. P. 12(d). To remedy a failure to comply with Rule 16, a court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." FED. R. CRIM. P. 16(d)(2).

## II.    <u>Discussion</u>

### A.  Motion to Compel Compliance with December 30, 2021, Order

White first requests that this court order the government to comply with its previous order of December 30, 2021, wherein the court, in response to multiple discovery disclosure issues, ordered: (1) that the government would be prohibited from introducing at trial any evidence in its possession on or before December 14,

2021, if it was not disclosed to White by that date, (2) did not prohibit the government from introducing newly discovered evidence after December 14, 2021 if timely disclosed to White, (3) that the government produce its entire case file to White by January 10, 2022, (4) that the government immediately produce all outstanding Brady material, and (5) that the government produce all outstanding Giglio, Jencks Act, Rule 404(b), and Rule 609(b) material by January 10, 2022. (Doc. 1131) White further requests the entire case file by a date certain. (Doc. 1962 at 7).

The government concedes that its discovery disclosures in the fall of 2021 were piecemeal and "frustrated the parties and the Court," but nonetheless contends that White's request to impose a new deadline to disclose discovery is unreasonable under the circumstances because he provided no specifics to analyze "which evidence violates the order." (Doc. 1981 at 5, 9). Further, the government argues that White cannot demonstrate prejudice as a result of the government's late disclosures because, in co-defendant Kevin Coles' April 2022 trial, the court admitted evidence that arguably could have been excluded under the December 30, 2021, order. (Id. at 6, 9). Thus, in the government's view, it follows that White cannot show prejudice when the court found no prejudice in admitting the evidence against Coles.

The court will grant White's motion (Doc. 1961) to compel compliance with the December 30, 2021, order. It has been nearly four years since this order, and this case has gone on long enough that the government should be prepared to meet its obligations under Brady, Giglio, and the Jencks Act. Indeed, the fact that the government admitted such evidence in the Coles trial makes clear these materials

are within the government's possession. Failure to provide these by the date certain contained in the accompanying order shall result in the exclusion of all such evidence at trial.

### B. Motion to Compel Discovery

Turning next to the motion to compel discovery, White makes four requests. (Docs. 1963, 1964). First, White requests the production of "all reports, summaries, and recordings of any interview, proffer or other discussion between Michael Buck, his attorney, law enforcement and/or the United States Attorney's Office during the time period between when Mr. Buck received a target letter and his Initial Appearance on January 29, 2019" and "all written communication and a summary of all non-written communication that occurred during the above period between Michael Buck, his attorney, law enforcement and/or the United States Attorney's Office." (Doc. 1964 at 3).

Second, White requests the production of "all reports, summaries of reports, and other information about all communications between law enforcement, the United States Attorney's Office, Kenyatta Corbett and/or Attorney Ungvarsky, to include any and all statements that Corbett made to law enforcement after December 7, 2021" and a directive for "the government to prepare and provide a written report of each exchange set forth above with Mr. Corbett if a report does not currently exist." (Id. at 6).

Third, White "requests this Court conduct *in camera* review of each codefendant's Presentence Investigation Report, sealed Sentencing Memorandum, and all evaluations and reports submitted on behalf of the defendant and provide to

defense all information that is exculpatory or that may lead to exculpatory information with a protective order limiting disclosure." (Id. at 7).

And fourth, White requests "any prior statements of [jailhouse informant Dennis] Sneads, to include any and all notes, memoranda, recordings, or recollections of statements that Sneads made at the debriefing he described in his trial testimony as having occurred a week or two before trial and at which he claimed to have informed investigators that they had written things down incorrectly from his prior interviews." (Id. at 7-8).

In response to the first request, the government represents it has provided White with Buck's target letter and confirmed there were no interviews or statements taken from Michael Buck that arose from the target letter during the requested time period. (Doc. 1979 at 17-18). White "accepts the government's representation," (Doc. 1986 at 4), and therefore this request will be denied as moot.

With respect to the second request regarding Corbett, the government has responded it "has provided all the reports in its possession memorializing substantive meetings/interviews with Corbett," and it is unaware of the "meetings or interviews Corbett's counsel referenced at his sentencing" and it is "unclear what communications Corbett and his counsel were referring to at his sentencing." (Doc. 1979 at 11). The government need not "make notes of a witness's statements," but it does have an "obligation to inform the accused of information that materially impeaches its witnesses." United States v. Rodriguez, 496 F.3d 221, 225 (2d Cir. 2007). Having represented it provided White with these materials concerning Corbett, the government has fulfilled this obligation. The government simply

cannot produce information from meetings and interviews that never occurred.
Therefore, White's request will be denied.

With respect to White's third request, the court will conduct an *in camera*
review of the PSRs, sentencing memoranda, and all exhibits attached thereto for
each of White's co-defendants to determine which portions, if any, contain favorable
evidence as articulated by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny
that must be disclosed to White under a protective order. Therefore, this request
will be granted.

With respect to White's fourth request, White highlights Sneads' testimony
that part of the report written by the lead investigators memorializing their
interview with Sneads was incorrect, and Sneads met with the investigators to
clarify these statements in a meeting for which no documentation has ever been
provided to White. (Doc. 1964 at 17; Doc. 1764, 5/11/23 Trial Tr. at 1849:18-1853:13
(Sneads' testimony regarding the purported inaccuracies in the investigative
report)). As a result, White requests "any undisclosed statement by Sneads to
investigators, to include the debriefing that he described in his trial testimony."
(Doc. 1964 at 17). The government avers "[t]here is no memoranda from the witness
preparation session, and thus nothing for the government to produce," it is under
no obligation to memorialize notes from the pre-trial meetings with Sneads, and in
any event, "the government would be unable to memorialize the substance of
Sneads witness preparation session from two years ago." (Doc. 1979 at 18). As
aforementioned, the government is correct: it need not "make notes of a witness's
statements," but it does have an "obligation to inform the accused of

information that materially impeaches its witnesses." <u>United States v. Rodriguez</u>, 496 F.3d 221, 225 (2d Cir. 2007). This request will be granted in part and denied in part. By the date set in the accompanying order, the government shall provide sworn affidavits from investigators present at the meeting documenting their recollection of the topics discussed and inconsistencies raised by Sneads.

**C.  *In Camera* Review of Michael Buck's Sentencing Transcript**

In its June 23, 2025, order (Doc. 1982), the court granted White's pretrial motion (Doc. 1965) for *in camera* review of the sealed portions of Michael Buck's sentencing transcript. This review uncovered no information potentially favorable to the defense. Therefore, White is not entitled to the sealed portions of Michael Buck's sentencing transcript.

**V.    <u>Conclusion</u>**

White's motion (Doc. 1961) to compel the government to comply with the court's December 30, 2021, order will be GRANTED, his motion (Doc. 1963) to compel discovery will be GRANTED in part and DENIED in part, and, because a review of Michael Buck's sentencing transcript uncovered no potentially favorable information to White, he is not entitled to the sealed portions of Buck's transcript. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    July 11, 2025